UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>RANDY LEE HALL,<br><br>Defendant. | CASE NO. CR16-225RSM<br><br>ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA |

This matter comes before the Court on Defendant Randy Lee Hall's Motion to Withdraw Guilty Plea as to Count 2. Dkt. #154. This Motion is based on alleged violations of Criminal Rule 11 and ineffective assistance of counsel. Specifically, Mr. Hall states he "was never advised of the nature of the charge either by the Court or defense counsel," that "there was an insufficient factual basis for the plea," that he "is innocent of Count 2," and that "his conviction on this count was a miscarriage of justice." *Id.* at 1–2. The Government opposes. Dkt. #161. The Court has determined that an evidentiary hearing is unnecessary.

In March 2019, Defendant Hall pleaded guilty to Count 1, assault of officer K.R. under 18 U.S.C. § 111(a)(1), (b); Count 2, assault of officers J.C., E.J., and L.D. under 18 U.S.C. § 111(a)(1), (b); and Count 3, using a firearm during the crime of violence in Count 1 under § 924(c).

ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA – 1

The plea agreement listed the elements of the charge in Count 2 as follows:

> First, Defendant forcibly assaulted J.C., E.J., and L.D., officers of the Bureau of Alcohol, Tobacco, Firearms, and Explosives;
>
> Second, Defendant did so while J.C., E.J., and L.D. were engaged in, and on account of, performance of their official duties; and
>
> Third, Defendant used a dangerous and deadly weapon, that is, a firearm, in the commission of the assaults.

Dkt. #94 at 2. The plea agreement's statement of facts says Defendant Hall "gripped the firearm with his right hand, with the gun pointed in the direction of K.R. and the other officers standing a few feet immediately behind him, E.J., J.C., and ATF Special Agent L.D." *Id*. at 6. Defendant Hall then discharged the firearm, striking K.R. in the left shin and kneecap. *Id*. at 7. This is what Defendant Hall agreed to when he accepted the plea.

Hall pleaded guilty before a magistrate judge. The magistrate judge reviewed the elements of each charge to which Hall was admitting guilt in a manner that mirrored the way the elements were described in the plea agreement, including the phrase "forcibly assault." *See* Dkt. #124. The magistrate judge asked Hall to confirm that he understood each of the elements and confirmed that Hall understood the factual assertions in the plea satisfying each element. *Id*. The magistrate judge reviewed various other provisions of the agreement and the rights that Hall was waiving by pleading guilty. *Id*. Hall affirmed that he understood all of this. *Id*. The magistrate judge had the prosecutor summarize the factual basis for the plea set out in the plea agreement and asked Hall to affirm that he was agreeing to all those facts, which Hall did. *Id*. The magistrate judge then confirmed that Hall had the opportunity to review the agreement, discuss it with his lawyer, and make an intelligent decision before he signed it. *Id*.

ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA – 2

The Court sentenced Hall to 90 months of imprisonment for the two assault charges and the mandatory-minimum 120 months of imprisonment, consecutive to the other charges, for the use of a firearm during a crime of violence. Dkt. #106.

Mr. Hall filed a direct appeal with the Ninth Circuit raising two issues: whether the Court burdened his right to counsel by warning him that it would not appoint a fourth attorney, and whether the magistrate judge violated Rule 11 by failing to expressly inquire into whether Hall's guilty plea resulted from "force or threats." The Ninth Circuit affirmed.

On July 22, 2021, Mr. Hall filed a § 2255 Motion claiming ineffective assistance of counsel. *See* Case No. 2:21-cv-992. This Motion was denied. On November 7, 2022, Mr. Hall filed a second § 2255 motion because one of his prior convictions had been vacated under *State v. Blake*, 481 P.3d 521 (2021). *See* Case No. 2:22-cv-1639. The Court granted that Motion leading to his forthcoming resentencing. Mr. Hall has taken this opportunity to attempt to withdraw his guilty plea.

A defendant does not have an absolute right to withdraw his guilty plea. *United States v. Castello*, 724 F.2d 813, 814 (9th Cir. 1984). Rather, after a guilty plea is accepted by the court but before sentencing, a district court may allow withdrawal of a guilty plea only if "the defendant can show a fair and just reason for requesting withdrawal." Fed. R. Crim. P. 11(d)(2)(B); *United States v. Ruiz*, 257 F.3d 1030, 1032 (9th Cir. 2001) (en banc). Although the Ninth Circuit has stated that the standard for withdrawing a plea is to be liberally applied, *United States v. Nagra*, 147 F.3d 875, 880 (9th Cir. 1998), the burden of establishing "a fair and just reason" rests squarely with the defendant. *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003). "Fair and just reasons" may include an inadequate plea colloquy, newly discovered evidence,

ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA – 3

intervening circumstances, or any other reason that did not exist when the defendant entered his plea. *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008).

Pursuant to Fed. R. Crim. P. 11(h), variances from the procedures of Rule 11 are disregarded as "harmless error" if they do not affect the "substantial rights" of the defendant. *United States v. Jimenez-Dominguez*, 296 F.3d 863, 866 (9th Cir. 2002). Where, as here, the defendant did not timely object to the Rule 11 error, the defendant has the burden to show prejudice in the form of plain error. *United States v. Vonn*, 535 U.S. 55 (2002). "For an error to affect substantial rights, [] the error must have been prejudicial: It must have affected the outcome of the district court proceedings." *United States v. Collins*, 684 F.3d 873, 881 (9th Cir.2012) (citing *United States v. Olano*, 507 U.S. 725 (1993)). "To meet his burden for reversal, the defendant must prove that there is a reasonable probability that, but for the error, he would not have entered the plea." *Id*. (citing *United States v. Borowy*, 595 F.3d 1045, 1049 (9th Cir. 2010)).

A defendant's mere change of heart about pleading guilty is not a fair and just reason authorizing the withdrawal of a plea. *McTiernan*, 546 F.3d at 1167. "Solemn declarations in open court carry a strong presumption of verity." *United States v. Rubalcaba*, 811 F.2d 491, 494 (9th Cir.1987); *Castello*, 724 F.2d at 815.

Defendant Hall argues that the Magistrate Judge never informed him that "intent" to assault J.C., E.J., and L.D. was an element of the crime. Dkt. #154 at 3. He says he was never advised by his counsel that intent to assault was an element of the crime and would not have pleaded guilty if he had known. *Id*. at 4. He says he never intended to assault the officers and is therefore actually innocent. *Id*.

The Government responds that the Magistrate Judge read out the elements of Count 2 consistent with the plea agreement and consistent with Ninth Circuit Pattern Jury Instruction 8.2.

ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA – 4

Dkt. #161 at 10.  Jury Instruction 8.2 goes on to define forcible assault.  This full definition was not discussed by the Magistrate Judge.  The Government argues that "all that is required is that the "defendant committed a volitional act that he or she knew or reasonably should have known was wrongful." *Id.* at 11 (citing *United States v. McInnis*, 976 F.2d 1226, 1234 (9th Cir. 1992); *United States v. Loera*, 923 F.2d 725, 728 (9th Cir. 1991)).

The Court agrees that Rule 11 did not require the Magistrate Judge to advise Mr. Hall that this offense required "intent to assault," beyond that the defendant must commit a "forcible assault."  Mr. Hall was adequately advised of the elements of the crime.  He cites no law indicating that the Magistrate Judge needed to read out the full jury instructions.  If there was any confusion on this point, it could have been raised by Mr. Hall at the time.

Even if there was an error here, it was harmless.  There is insufficient basis to believe that if the magic word "intent" was used that Defendant would not have entered into this plea.  The surrounding facts of the plea agreement, which Mr. Hall agreed to, indicate that he met the elements of 18 U.S.C. § 111(a)(1), (b) with regard to officer K.R. and that the officers at issue in Count 2 were standing a few feet immediately behind him.  In doing so, Hall satisfied the definition of forcible assault found in Jury Instruction 8.2 by "intentionally threatening another coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm."  Mr. Hall takes issue with the exact location of the Count 2 officers.  However, Mr. Hall agreed to a plea agreement's statement of facts indicating that after the officers commanded him to "Get on the ground!" he instead entered a vehicle and "reached his right hand down toward the floorboard… and accessed a [firearm]…. gripped the firearm with his right hand, with the gun pointed in the direction of K.R…" and shot K.R.  Dkt. # 94 at 6.  Nothing about these agreed events demonstrate a lack of intent to threaten.  And this

ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA – 5

would certainly causing a reasonable apprehension of immediate bodily harm to the other officers on the scene, regardless of their exact orientation to the officer who was hit.

Mr. Hall cites no law allowing him to change his story about the location of the other officers. The Court will not re-examine witness interviews, video footage, etc. without a legal basis to do so. Under the circumstances of this case, the Court finds that Mr. Hall cannot plead actual innocence in contradiction with his plea agreement and his words at the plea colloquy. *See Rubalcaba*, *supra*; *Castello, supra*.

Having reviewed the applicable briefing, along with the remainder of the record, the Court hereby finds and ORDERS that Defendant Hall's Motion to Withdraw Guilty Plea, Dkt. #154, is DENIED.

DATED this 20th day of December, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE